# McMillan and Crissman's Appeal.
## Otto's Estate.

1. A decedent died seised of real estate, leaving a widow and three daughters ; the husbands of two of the daughters accepted the land in right of their wives in proceedings in partition, and entered into recognisance to the widow and *three* daughters for their shares ; they paid the recognisance of the third daughter, and then one of the husbands and his wife conveyed their interest to the other husband, whose interest in the land, his wife being dead, was sold by the sheriff. *Held,* that the sale passed only the fee simple in two-thirds, and the husbands' curtesy in the other third.

2. The husbands acquired but a life estate in their wives' shares and a fee in the residue, and giving recognisances to the respective wives, did not alter the rule.

3. If a husband accepts the wife's share she has no owelty to receive ; a recognisance given by the husband to her is inoperative.

Appeal by Robert McMillan and William Crissman, guardians of the minor children of Mary Ann Otto, deceased, from the decree of the Court of Common Pleas of *Bedford county*, distributing the proceeds of the sheriff's sale of the land of Levi Otto.

James Wright died intestate, seised of a tract of land, leaving a widow and three children—Eliza, wife of William Otto, Mary

Ann, wife of Levi Otto, and Caroline, unmarried. Under proceedings in partition in the Orphans' Court, the land was adjudged to William and Levi, in right of their wives, as tenants in common, and they gave recognisances, one to William's wife, one to Levi's wife, and a third to Caroline, conditioned for the payment of their respective shares. Caroline's was paid, and William conveyed his interest in the land to Levi. Mary Ann, the wife of Levi, died, leaving three minor children, and the land was afterwards sold by the sheriff as the property of Levi.

The auditor was of opinion, that the proceedings in partition and giving recognisances to the respective wives was a conversion of their interest in the land into personalty; that on the death of Levi's wife, this interest passed in equal shares to him and the three children, and reported that three-fourths of Mary Ann's share should be paid from the proceeds of the sheriff's sale to Mary Ann's children. The Court of Common Pleas, upon exception, overruled the decision of the auditor, and distributed the whole fund in court to the lien-creditors of Levi. This was the error assigned.

*John Cessna*, for appellants, cited Groff *v.* Groff, 14 S. & R. 181; McPherson *v.* Cunliff, 11 Id. 431; Thompson *v.* McGaw, 2 Watts 164; Unangst *v.* Kraemer, 8 W. & S. 391; Herr *v.* Herr, 5 Barr 428; Painter *v.* Henderson, 7 Id. 48; Lockhart *v.* John, Id. 137; Snevely *v.* Wagner, 8 Id. 396; Lair *v.* Hunsicker, 4 Casey 115; Merklein *v.* Trapnell, 10 Id. 42; Yeager's Appeal, Id. 173; Johnson *v.* Matson, 1 Penna. R. 371.

*J. P. Reed, S. L. Russell* and *G. H. Spang*, for appellees, cited Johnson *v.* Matson, 1 Penna. R. 372.

The opinion of the court was delivered, June 1st 1866, by

STRONG, J.—We are of opinion that the proceedings in partition did not work a conversion of the share which descended to Mrs. Mary Ann Otto, the wife of Levi Otto, on the death of her father. Of course the sheriff's sale passed to the purchaser no more than the fee simple in two-thirds of the real estate, and the curtesy estate of Levi Otto in the other third. The interest of the children of Mary Ann Otto remains therefore in the land, and they have nothing to claim in the distribution of the money raised by the sale of their father's property.

The general principle is not controverted, that when a husband in right of his wife accepts land at its appraised value under an Orphans' Court partition of the estate of the wife's ancestor, he acquires but a life estate in his wife's share of the land, and a fee simple in his own right in the residue. Her share is not converted. But it is supposed this case must be governed by a dif-

ferent rule, because the tract of land was taken by both William and Levi Otto, under the proceedings in partition, and because, they gave a recognisance to the wife of the latter, as well as other recognisances to the widow of the ancestor and to the other heirs. We do not perceive that this makes any difference. Had there been but two heirs, the wife of William Otto and the wife of Levi, and had the land been accepted by the two husbands jointly, upon their entering into recognisances, no one would contend that either husband became a purchaser of any part of his 'wife's interest. In fact such a proceeding would amount to no partition at all. No action could be maintained upon the recognisances, for they are designed only to secure payment of owelty. Whether there is a conversion or not does not depend upon the form of the recognisances given. If a wife's share of her father's estate is accepted by her husband in her right, she has no owelty to receive, and a recognisance to pay owelty to her is inoperative.

In this case there were three coparceners. When William Otto and Levi Otto took the land in right of their wives and gave recognisances, they became purchasers of the share of the third heir, and held that share jointly. And when William and his wife afterwards conveyed to Levi he became seised of two thirds, but the fee of the other third remained in his wife; that on her death descended to her children, subject to their father's life interest, and of course it was not sold. The children have therefore no interest in the fund in court.

Decree affirmed.